Stephen E. W. Hale (5285) shale@parrbrown.com
Laura G. Kennedy (7238) lkennedy@parrbrown.com
PARR BROWN GEE & LOVELESS
101 S 200 E, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Defendant GKD Management LP
d/b/a A&G Commercial Trucking*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRIME INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>vs.<br><br>GKD MANAGEMENT LP d/b/a A&G COMMERCIAL TRUCKING and GERALD WAYNE FIELDEN,<br><br>                Defendants. | **NOTICE OF REMOVAL**<br><br>State Case No. 210903568 (Third Judicial District Court of Salt Lake County, Utah)<br><br>Case No: 2:21-cv-00493-DBP<br><br>Magistrate Judge Dustin B. Pead |

**NOTICE OF REMOVAL BASED ON DIVERSITY OF CITIZENSHIP**

Defendant GKD Management LP d/b/a A&G Commercial Trucking ("**GKD**"), through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action to the United States District Court, District of Utah, and in support thereof GKD states as follows:

## BACKGROUND AND PARTIES

1.      This action was filed on or about July 7, 2021, in the Third Judicial District Court, in and for Salt Lake County, State of Utah, case number 210903568, and styled *Prime Insurance Company vs. GKD Management LP d/b/a A&G Commercial Trucking and Gerald Wayne Fielden* (the "**State Action**").  [A copy of Prime Insurance Company's ("**Prime**") *Complaint for Declaratory Relief* ("**Complaint**") is submitted herewith as Exhibit A.]

2.      GKD was served with process and a copy of Prime's Complaint on July 16, 2021. [A copy of Prime's summons and the affidavit of service are submitted herewith as Exhibit B.]

3.      Prime's Complaint contains one count seeking declaratory relief containing two arguments.  The claim first seeks a declaration that GKD is not entitled to insurance coverage under the subject commercial policy of insurance Prime issued to GKD (the "**Policy**"); therefore, Prime claims it has no obligation to defend or indemnify GKD.  Second, Prime seeks a declaration from the court that to the extent Prime is required to make any payments under the MCS-90 Form attached to the Policy, its obligations would be limited to $750,000 and that Prime would be entitled to reimbursement from GKD for any payments Prime made.  [*See* Complaint, ¶¶ 44, 53, 54, 56, 58, & Prayer for Relief.]  The Complaint alleges that a Form MCS-90 endorsement in the amount of $1,000,000 is attached to the Policy.  [*See* Complaint, ¶¶ 13-14.]  The Complaint in the underlying lawsuit brought against GKD, for which Prime has a duty to defend and indemnify under the Policy, alleges that the plaintiff in that case should be awarded actual damages in excess of $1,000,000.00, plus prejudgment and post-judgment interest, punitive and/or exemplary damages, and court costs, and that the defendants are jointly

and severally liable for the plaintiff's damages.  Therefore, the value of the object of the instant litigation and the amount in controversy exceeds $75,000.

4. On information and belief, Plaintiff Prime is an Illinois corporation with its principal place of business in located in Utah.  [Complaint, ¶ 1.]

5. GKD is an Arizona limited partnership with its principal place of business located in Missouri.  Its only general partner is A&G Commercial Trucking, Inc., which is an Arizona corporation with its principal place of business located in Missouri.  GKD's only limited partners are the individuals Greg DeLine and Kelly DeLine, who both reside in Missouri.

6. On information and belief, defendant Gerald Wayne Fielden ("**Fielden**") is a resident of the State of Texas.  [Complaint, ¶ 3.]

7. Fielden was served with process on July 17, 2021, in the state of Texas.  [A copy of Prime's affidavit of service is submitted herewith as Exhibit C.]

8. Fielden has consented to GKD's removal of this action to the United States District Court, District of Utah.  [*See Consent to Removal*, signed by Fielden, submitted herewith as Exhibit D.]  *See* 28 U.S.C. § 1446(b)(2)(A).

9. The district courts of the United States have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

10. Because this civil action asserts claims involving citizens of different states with the amount in controversy in excess of $75,000, this Court has original jurisdiction over the action, and GKD may remove this action to the United States District Court for the District of Utah, under the provisions of 28 U.S.C. § 1441(a).

11.     This Notice is filed within thirty days after GKD was served with the Summons and Complaint in the State Action, as required by 28 U.S.C. § 1446(b).  This action is not more than one year old.

12.     Attached hereto as Exhibit A is a copy of the Complaint, as Exhibit B are copies of the Summons served on GKD and the related Affidavit of Service, and as Exhibit C is a copy Affidavit of Service for the Summons served on Fielden, and Exhibit D is Fielden's consent to the Notice of Removal.  No further proceedings have been filed in the State Action.

13.     No previous application has been made for the relief requested herein.

14.     Pursuant to 28 U.S.C. § 1441(b), the entire case may be removed, and the district court may determine all issues.

15.     Pursuant to 28 U.S.C. § 1446(b), promptly after filing this Notice of Removal, GKD will give written notice thereof to Prime and will file a copy of the Notice with the Third Judicial District Court, in and for Salt Lake County, State of Utah.

If any question arises regarding the propriety of the removal of this action, the removing defendant respectfully requests the opportunity to present a brief and an oral argument as to why removal is proper.  WHEREFORE, GKD, through its legal counsel, gives notice that the State Action is removed to the United States District Court, District of Utah.

**NOTICE OF NONWAIVER AND RESERVATION OF RIGHTS**

By filing this Notice of Removal, GKD does not waive, and expressly reserves, any and all of its rights, claims, and defenses.

Dated this 16th of August, 2021.

                                                PARR BROWN GEE & LOVELESS, P.C.

                                                /s/ Laura G. Kennedy
                                                Stephen E. W. Hale
                                                Laura G. Kennedy

                                                *Attorneys for GKD Management LP*
                                                *d/b/a A&G Commercial Trucking*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 16th day of August 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was sent via email and first class United States mail on the following:

>Byron L. Ames, Esq.
>David J. Mahoney, Esq.
>AMES & AMES, LLP
>2750 Rasmussen Road, #H-201
>Park City, Utah 84098
>Bames@Amesfirm.com
>Dmahoney@Amesfirm.com

/s/ Laura G. Kennedy